# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHRISTOPHER SMITH,**
          Petitioner,

v.                                                   Case No. 11-C-0255

**WILLIAM POLLARD, Warden,**
**Green Bay Correctional Institution,**
          Respondent.

---

# ORDER

On March 10, 2011, petitioner Christopher Smith filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of three counts of first degree intentional homicide and one count of felon in possession of a firearm. He was sentenced to life imprisonment and is currently incarcerated at Green Bay Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner claims that the state courts deprived him of due process by refusing to grant him a new trial on the basis of newly discovered evidence. He also claims that his trial counsel was ineffective for failing to discover this evidence prior to trial. I have serious doubts as to whether petitioner's first claim is cognizable on habeas corpus. As a general rule, newly discovered evidence that bears only on the question of guilt or innocence is not reviewable by a federal court in a habeas proceeding. E.g., Johnson v. Bett, 349 F.3d 1030, 1038 (7th Cir, 2003); Moore v. Casperson, 345 F.3d 474, 491 (7th Cir. 2003). Nonetheless, in some situations newly discovered evidence is so compelling that it would be a violation of the fundamental fairness embodied in the Due Process Clause not to afford a defendant a new trial in which the evidence could be considered. Moore, 345 F.3d at 491. Thus, although petitioner bears a heavy burden in connection with his first claim, I cannot say that the claim is so weak that it should be dismissed before petitioner is allowed to develop it further.

As for petitioner's claim of ineffective assistance of trial counsel, it is clearly cognizable on habeas corpus. E.g., Strickland v. Washington, 466 U.S. 668 (1984). However, it appears that petitioner may not have exhausted this claim in state court by raising it in his direct appeal. Nonetheless, the circumstances relating to exhaustion of this claim have yet to be developed, and for that reason I will allow the claim to proceed.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any. If after reviewing the briefs I find that an evidentiary hearing is needed, one will be scheduled.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to the respondent and transmitted electronically to the Attorney General for the State of Wisconsin pursuant to the memorandum of understanding between the Clerk of Court and the Wisconsin Department of Justice.

Dated at Milwaukee, Wisconsin, this 16th day of March, 2011.

/s_____
LYNN ADELMAN
District Judge